## CASSIDY et al. v. McFARLAND et al.

(Common Pleas of New York City and County, General Term.   January 11, 1893.)

1. COSTS—TAXATION BY CLERK.

Code Civil Proc. § 3251, providing that motion costs shall be a sum fixed by the court or judge, not exceeding $10, does not prevent the clerk from taxing usual costs on an appeal from an order made on a motion, which are the same as motion costs, where the court has merely allowed costs, without specifying the amount.

2. SAME—DISBURSEMENTS.

The clerk may tax disbursements, also, though the allowance be only of costs, since, under Code Civil Proc. § 3256, disbursements follow the allowance of costs.

3. SAME.

Although, under Code Civil Proc. § 3251, only disbursements for printing can be allowed on a motion, there is no such restriction on an appeal from an order.

Appeal from special term.

Action by Patrick Cassidy and others against Joseph McFarland and others. From an order of the special term denying a motion for a new taxation of costs, Frederick Wood, one of the defendants, appeals. Affirmed.

Wood had appealed to the general term from an order of reference, and the order was affirmed, "with costs." 20 N. Y. Supp. 875. The respondent proceeded to tax before the clerk of the court a bill of costs ($10) and disbursements ($9.06,) amounting together to $19.06. Taxation of the bill of costs was objected to on the ground that the order of the general term did not authorize or empower the clerk of this court to tax any disbursements or costs, nor fix the amount of costs at $10, or any other sum, and that no disbursements can be taxed on a motion, except disbursements for printing.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Geo. A. Stearns, for appellants.

Thomas C. Ennever, for respondents.

DALY, C. J. The order of the general term affirmed the order of reference, "with costs." It has been held that $10 costs, together with disbursements, can be taxed under such an order. Jones v. Sherman, 8 N. Y. St. Rep. 344. The Code provides that costs of motion shall be a sum fixed by the court or judge, not exceeding $10. Section 3251. But there is no provision requiring that the costs allowed upon an appeal from an order made upon a motion shall be fixed at a certain sum by the appellate court. It is settled that motion costs ordered, only, can be allowed upon such an appeal, (Phipps v. Carman, 26 Hun, 518,) and, as the usual costs of motion are $10, it is to be assumed that that sum is intended by an order affirming, "with costs," but specifying no amount.

By section 3256, it is provided that, where an allowance of costs is made in an action, the party is entitled to his necessary disbursements. It has been held that disbursements of a motion may be taxed by the clerk only where the order expressly directs it to be done. Ward v. Ward.[1] That decision prescribed the practice upon a motion, but not upon an appeal from an order. It is nowhere required that the general term shall tax the disbursements of the successful party; and, where disbursements follow the allowance of costs by the general term, and must be taxed, the authority of the clerk to tax them is, from the necessity of the case, presumed from the order allowing costs.

[1] See note at end of opinion.

The last objection made is that only disbursements for printing can be allowed upon a motion. Section 3251. There is no such restriction upon an appeal from an order. Order appealed from affirmed, with costs. All concur.

## NOTE.

The opinion of Judge Freedman in Ward v. Ward, filed November 17, 1892, in the superior court of New York city, at chambers, is as follows:

" The questions involved arise (1) upon an appeal from the taxation by the clerk of certain disbursements incurred upon a reference; (2) upon defendant's motion, founded upon affidavit for a retaxation; and (3) upon the referee's motion, founded upon affidavit for a retaxation. The action is by wife against husband, for a separation and for support. The wife moved for alimony during the pendency of the action, and a counsel fee; and, upon the hearing of the motion, such a conflict seems to have been created by the attorneys for the parties that the court felt bound to order, and did order, a reference. The referee was directed to determine whether any, and, if so, what alimony and counsel fee ought to be awarded to the plaintiff. The reference terminated in a report, upon the confirmation of which an order was entered, granting to the plaintiff alimony at the rate of $50 per month, and an allowance of $250, as and for expense in conducting this action, and together with such a sum as shall be taxed by the clerk of this court as costs and disbursements in this proceeding. Under this provision of the order, the attorney for the plaintiff presented to the clerk for taxation a bill of disbursements amounting to $602.65, of which $375 were for referee's fees and $221.65 for stenographer's fees.

"The conduct of the attorneys for the respective parties, which works such extravagant expenditure on a mere motion, the object of which is simply to provide a provisional support to the wife during the pendency of an action which can and ought to be terminated in a few months, calls for condemnation on the part of the court. True, the main fault lies in the system which sanctions such a practice. But attorneys should have due regard to the ultimate interests of their clients; and, if they seem oblivious of their duty in this respect, a referee of sufficient self-respect should remind them of it. A small fortune should not be frittered away upon such a preliminary point. Entertaining these views, I shall hold every participant in the reference to strict practice. It appears that the clerk, from the proofs submitted to him, reduced the item of $375 for referee's fees to $210, and that he reduced the item of $221.65 for stenographer's fees to $117.30. Both the defendant and the referee complain of this ruling; the defendant contending that no referee's or stenographer's fees should have been allowed, and the referee, appearing by private counsel, contending that his fees should have been taxed at the sum of $350. The stenographer, at some time or other, also appeared by separate and private counsel, and submitted affidavits, but whether they were before the clerk does not clearly appear. Upon the case as submitted to me a great conflict exists as to what was before the clerk, and also as to what was the real agreement between the parties and the stenographer; and, if it were necessary to determine the said conflict, much time and labor would have to be spent to arrive at the truth. I do not deem it necessary, however, to make such determination, because I have satisfied myself that, under the order referred to, the clerk had no power to tax referee's or stenographer's fees. My reasons are as follows: The clerk is made, by statute, the taxing officer, for the purpose of taxing the costs and disbursements of the action preparatory to the entry of final judgment. His duties as such taxing officer are prescribed by statute, and everything he may do is regulated by statute. But these statutory provisions do not apply to a motion. If costs and disbursements are given by the court or a judge on a motion, they must be specifically expressed in the order as entered. True, the order may refer it to the clerk to tax the disbursements so awarded, but then the order must contain a specific delegation of power to the clerk to tax the amount of the particular disbursements allowed. The costs and disbursements which may be given upon a motion for alimony and counsel fees are regulated by section 3251, Code Civil Proc. It is there provided that upon such a motion a sum fixed by the court or judge, not exceeding ten dollars, may be awarded as costs, besides necessary disbursements for printing and referee's fees. This seems to exclude stenographer's fees. Section 3256, on the other hand, contemplates only the costs of the action, and does not apply to motions; and consequently the amendments of 1892 are immaterial, no matter what they may amount to on the

taxation of the costs of the action. The consequence of all this is that if, in the present case, stenographer's fees, as well as referee's fees, can be allowed, they must be specifically named in the order, and, if the clerk is to tax them, he must be specifically directed to do so. In the case at bar the order, as entered, shows upon its face that the judge who directed it to be entered struck out the specific direction to the clerk, originally inserted therein, to tax the referee's and stenographer's fees. This is quite significant. Moreover, the order allows to the plaintiff 'the sum of two hundred and fifty dollars, as and for expense in conducting this action.' As the main expense in conducting this action, so far, has been the expense of the reference, this might, in a certain aspect, be construed as an allowance on that account. From all this it follows that the additional words, 'together with such a sum as shall be taxed by the clerk of this court as costs and disbursements in this proceeding,' are too indefinite and uncertain to constitute a specific delegation of power to the clerk to tax referee's or stenographer's fees. For the reasons stated, the taxation must be set aside, so far as it allows any sum whatever for referee's fees or stenographer's fees, and the referee's motion for a retaxation denied."